[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Plaintiffs move for partial summary judgment on defendants' second, third, fourth, and eighth affirmative defenses.
On July 21, 1989, the plaintiff, Leslie Carothers, Commissioner of Environmental Protection (Commissioner), filed a five-count complaint against the defendants, Geno Capozziello and Russell Capozziello. The plaintiff alleged that the defendants violated several environmental protection statutes and regulations in their operation of a solid waste facility.
On May 24, 1990, the defendants filed eight revised affirmative defenses which alleged: (1) corporate liability; (2) res judicata; (3) collateral estoppel; (4) prior pending action; (5) laches; (6) conduct not reasonably likely to pollute; (7) lack of feasible and prudent alternatives to conduct; and (8) claims under Connecticut General Statutes 22a-226 are barred because no order was issued against the defendants individually.
On October 19, 1990, after the pleadings had been closed, plaintiff filed a motion for partial summary judgment together with a supporting memoranda of law addressed to the second, third, fourth and eighth affirmative defenses. The motion seeks judgment on the second affirmative defense of res judicata on the ground that it is without merit because the defendants in this action are not the defendants in the action referred to in the affirmative defense. The motion seeks judgment on the third affirmative defense of collateral estoppel on the ground that it is without merit because: (1) the defendants in this action are not the defendants in the action referred to in the affirmative defense; and (2) the issues involved were not necessarily litigated and determined in a prior action between the same parties upon a different claim. The motion seeks judgment on the fourth affirmative defense of prior pending action on the ground that it is without merit since the case referred to in the affirmative defense is not between the same parties as this case. Lastly, the motion seeks judgment on the eighth affirmative defense on the ground that it is without merit because Connecticut General Statutes 22a-226, as amended by Connecticut Public Acts. No. 89-270, expressly authorizes the civil penalty being sought.
On November 19, 1990, defendant filed an objection to plaintiff's motion for partial summary judgment and a cross-motion for sanctions and attorney's fees. Plaintiff further supported its motion by submitting to the court an affidavit of Assistant Attorney General, Robert Teitelman, dated November 26, 1990. On December 7, 1990, defendant filed a memoranda of CT Page 2491 law in opposition to plaintiff's motion along with a cross-motion for summary judgment. (the cross-motion is not presently before the court).
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). (citations omitted). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell, 214 Conn. 242, 246 (1990) (citations omitted).
"[Conn. Practice Bk. 386] provides for judgment on part of a claim in two situations: (1) where part of a claim is admitted; or (2) a defense applies to only part of a claim (allowing judgment for the portion of the claim that the defense does not apply to)." Schofield v. Bic Corporation, 3 Conn. L. Rptr. No. 9, 293 (February 25, 1991, Fuller, J.). However, "on the state of Connecticut procedure as it exists today, plaintiff is not entitled to judgment simply because the . . . special defenses raised by the defendant are apparently not meritorious." H.R. Hillery Co. v. Crystal Mall Associates, 2 CSCR 324, 325
(February 11, 1987, Koletsky, J.). Accordingly plaintiff's Motion for Summary Judgment is denied.
Hennessey, J.